SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

Walter WENCKE, et al., Defendants.

Palmer York, Jr. and George Croke, Appellants and Real Parties In Interest.

No. 83–6165.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 4, 1984.

Decided Sept. 18, 1984.

Scott Metzger, Michael Duckor, Duckor & Spradling, San Diego, Cal., for plaintiff.

Michael G. Zybala, Michael S. Polan, Law Firm of Alex A. Harper, San Diego, Cal., for defendants.

Before WALLACE, FLETCHER and REINHARDT, Circuit Judges.

FLETCHER, Circuit Judge:

Palmer York, Jr. and George E. Croke appeal the district court's refusal to lift its stay preventing the commencement of their suit against the Wencke receivership. We reverse.

In 1982, Portsmouth Square, Inc. (PSI) sought to remedy its serious financial difficulties by making a deal with Walker Wencke, a self-proclaimed expert on saving financially troubled companies. Wencke, through his company RAMAPO, concluded an agreement with PSI pursuant to which PSI received $10,000 and an implied promise of Wencke's services in exchange for stock representing a controlling interest in PSI and all of the stock of two of PSI's unprofitable subsidiaries. Wencke also retained deLusignan, then president of PSI, to manage RAMAPO in exchange for twenty-five percent of the shares of RAMAPO Corporation.

The SEC began investigating Wencke's activities and in March, 1977, at the SEC's request, the district court appointed R.N. Gould as receiver for all corporate and trust entities owned by Wencke. The district court enjoined all persons from commencing or continuing with any actions against the Wencke receivership or its assets. We upheld the stay in *Securities and Exchange Commission v. Wencke, et al. Superior Motels v. Gould*, 622 F.2d 1363 (9th Cir.1980).

On May 31, 1983, six years after the commencement of the Wencke receivership, York and Croke, two minority shareholders of PSI, moved the district court for relief from its stay order to permit a suit against RAMAPO and Wencke alleging fraud, inadequate and unlawful consideration, and breach of fiduciary duty. The district court, applying the test laid down in *Superior Motels*, denied the appellants' motion. Subsequently, on November 7, 1983, the district court ordered RAMAPO to disgorge its PSI shares to the receiver for the benefit of the public shareholders of two other corporations defrauded by Wencke.

In *Superior Motels v. Gould*, 622 F.2d at 1373, this court set forth three factors to consider in deciding whether to except applicants from a blanket stay: (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim. In reviewing the district court's application of this test and ultimate decision, we apply an abuse of discretion standard. *Id.* at 1374.

The issue under *Superior Motels* is one of timing, that is, *when* during the course of a receivership a stay should be lifted and claims allowed to proceed, *not* whether the stay should be lifted *at all*. At some point, persons with claims against the receivership should have their day in court. The receivership cannot be protected from suit forever.

In evaluating the second or "timing" factor of the *Superior Motels* test, the district court concluded that "[e]xamination of the time at which this motion for relief was made does not substantially favor either party." Yet, in *Superior Motels* we said that

> [w]here the motion for relief from the stay is made soon after the receiver has assumed control over the estate, the receiver's need to organize and understand the entities under his control may weigh more heavily than the merits of the party's claim. As the receivership progresses, however, it may become less plausible

for the receiver to contend that he needs more time to explore the affairs of the entities. The merits of the moving party's claim may then loom larger in the balance.

*Id.* at 1373–74 (footnote omitted).

In light of the time that has now elapsed and the current status of the estate (the receiver is ready to distribute the assets) it is difficult to see how the district court could determine that time was a neutral factor. The receivership has been in existence for over seven years and no new material facts have been discovered for at least six years. Surely the receiver has had ample opportunity to explore, organize, and understand the affairs of the entities under his control.

Moreover, on November 7, 1983, a disgorgement order was entered requiring the transfer of the PSI shares owned by RAMAPO to the receiver for the benefit of the public shareholders. The receiver's counsel at oral argument indicated that the receiver is prepared to distribute the estate's assets as soon as the district court authorizes him to do so. The fact that the receiver is prepared to distribute the contested PSI shares has important implications. The impending distribution is evidence that the receiver has disentangled the estate and is ready to distribute the assets. The time factor now becomes crucial for the appellants because the receiver will soon disturb the status quo.

The district court also found that the first factor of *Superior Motels*, status quo versus injury, does not favor either party in this case. We disagree. The receiver does not intend to maintain the status quo, but rather intends action that will irreparably injure the appellants. Appellants are currently deprived of the dividends of the PSI stock, do not have control over PSI contested stock, and soon may lose the opportunity to challenge the stock's ownership in a proceeding in the receivership.

The district court's refusal to lift the stay at this time is tantamount to a permanent stay. The district court's misapplication of the *Superior Motels* factors and the resulting refusal to lift the stay are an abuse of discretion.

A consideration of the merits of appellants' underlying claims, the third factor of *Superior Motels*, does not alter this result. The district court spent much of its time evaluating this factor because it erroneously found the time and injury factors to be neutral. In fact, it purported to *decide* the merits of appellants' claims rather than to merely determine whether appellants had a *colorable claim* that entitled them to a trial on the merits.

Appellants made an ample showing that they have claims that should be litigated. It was an abuse of discretion for the district court to rule on the merits of appellants' claims in a proceeding to lift the stay.

The judgment of the district court is REVERSED.