806 F.2d 1285
 6 Fed.R.Serv.3d 1166, 36 Ed. Law Rep. 331
 Carole KNEELAND and Belo Broadcasting Corporation,
Plaintiffs-Appellees,
A.H. Belo Corporation, d/b/a the Dallas Morning News, et
al., Intervenors- Appellees,
v.
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., Defendants,
Southern Methodist University, Movant-Appellant.
Carole KNEELAND and Belo Broadcasting Corporation,
Plaintiffs-Appellees,
and
A.H. Belo Corporation, d/b/a the Dallas Morning News, et
al., Intervenors- Appellees,
v.
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., Defendants,
William Marsh Rice University, Movant-Appellant.
Carole KNEELAND and Belo Broadcasting Corporation,
Plaintiffs-Appellees,
and
A.H. Belo Corporation, d/b/a the Dallas Morning News, et
al., Intervenors- Appellees,
v.
NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, et al., Defendants,
Southern Methodist University, Movant-Appellant.
 Nos. 86-1118, 86-1206 and 86-1477
Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 7, 1987.
Rehearing Denied Feb. 3, 1987.
 
 Rain, Harrell, Emery, Young & Doke, Stan McMurry, Morris Harrell, Dallas, Tex., for Southern Methodist University.
 Robert F. Middleton, O. Luke Davis, III, Dallas, Tex., for Southwest Athletic Conference.
 Charles L. Babcock, Robert P. Latham, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for Times Herald Printing Co. et al.
 McGinnis, Lochridge & Kilgore, Jack Balagia, James R. Raup, Austin, Tex., for Kneeland and Belo Broadcasting Corp.
 Jenkens & Gilchrist, William D. Sims, Jr., Paul C. Watler, Dallas, Tex., for A.H. Belo Corp.
 Robert W. Jordan, Robert W. Kantner, Dallas, Tex., for William Marsh Rice University.
 Robert M. Roller, Austin, Tex., for National Collegiate Athletic Assn.
 Appeals from the United States District Court for the Western District of Texas.
 Before CLARK, Chief Judge, RUBIN and JOHNSON, Circuit Judges.
 CLARK, Chief Judge:
 
 
 1
 Southern Methodist University (SMU) and William Marsh Rice University (Rice) appeal from the denial of their motions to intervene in litigation brought by various media plaintiffs seeking documents from the National Collegiate Athletic Association (NCAA) and the Southwest Athletic Conference (SWC). We affirm.
 
 I. Facts and Proceedings
 
 2
 On October 3, 1985, Belo Broadcasting Corporation and Carole Kneeland, a news correspondent and bureau chief for Belo, filed suit in Texas state court against the NCAA and the SWC. The plaintiffs sought a writ of mandamus compelling the NCAA and the SWC to make available all records of NCAA investigations since 1980 of college football recruiting practices at SMU. The plaintiffs primarily relied on the Texas Open Records Act (TORA) as the basis for requiring disclosure. A.H. Belo Broadcasting Corporation d/b/a The Dallas Morning News, the Times Herald Printing Company, and David Eden, Assistant Managing Sports Editor of the Times Herald, intervened as plaintiffs. The intervening plaintiffs sought records pertaining to any NCAA investigations of all schools that are members of the SWC. The NCAA removed the case to the United States District Court for the Western District of Texas on October 25, 1985.
 
 
 3
 SMU, a member of both the NCAA and the SWC, filed its first motion for leave to intervene as a defendant on November 26, 1985. The district court denied SMU's motion on February 7, 1986. It concluded that because SMU had the same ultimate objective as the NCAA and the SWC--nondisclosure--and because SMU showed no adverse interest, collusion, or nonfeasance, the existing defendants adequately represented SMU's interests. The district court stated that in its view the NCAA and SWC could raise any defense available to SMU under TORA. Finally, the district court determined that allowing intervention would cause undue and unnecessary delay in resolving the case.
 
 
 4
 Rice, also a member of the NCAA and the SWC, filed its motion to intervene on February 13, 1986. On February 20, 1986, the district court denied the motion. It found that Rice's interests were adequately represented by the existing defendants and that allowing intervention would unduly delay the proceedings. In addition, the court ruled that Rice's motion was untimely. The motion was filed eight days before the end of discovery and only twenty days before the scheduled date for the first phase of the trial.
 
 
 5
 That first phase occurred on March 6 and 7, 1986. The district court's opinion of May 15, 1986, found that the NCAA and the SWC were "governmental bodies" as defined by section 2(1) of TORA. SMU filed its second motion to intervene on May 27, 1986 and requested an evidentiary hearing on its motion. On June 18, 1986 the district court denied SMU's second motion without holding an evidentiary hearing. The court again concluded that any interest SMU had in the litigation was adequately represented by the existing defendants. The district court also expressed concern that allowing intervention at such a late stage of the litigation would unduly prejudice the plaintiffs.
 
 
 6
 The second phase of the trial was held on July 24 and 25, 1986. The district court's opinion dated August 18, 1986, held that the NCAA and the SWC had proven no affirmative defenses to disclosure. The court stated that it would issue a separate opinion on availability of exceptions to disclosure under TORA.
 
 
 7
 SMU and Rice filed timely notices of appeal from the district court orders denying their motions to intervene. Their appeals have been consolidated. They argue that the district court erred in denying them intervention as of right because the existing defendants did not adequately represent their interests. They also contend that the district court abused its discretion in refusing to grant them permissive intervention. We will discuss these arguments in turn.
 
 II. Intervention of Right
 
 8
 Federal Rule of Civil Procedure 24(a) allows certain interested parties to intervene as of right.[1] Subsection (1) of the Rule, which allows intervention of right when provided by statute, is not applicable to this case. SMU and Rice rely on subsection (2).
 
 
 9
 It is well-settled that to intervene as of right [under Rule 24(a)(2) ] each of the four requirements of the rule must be met: (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.
 
 
 10
 New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting International Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir.1978)), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). If a party seeking to intervene fails to meet any one of those requirements then it cannot intervene as of right. Id. The parties disagree to some extent on the universities' interests in the documents and the degree to which disposition of the lawsuit will impair the ability of SMU and Rice to protect their interests. We do not need to deal with those issues because our resolution of the timeliness and the adequacy of representation requirements controls our disposition of this ground of appeal.
 
 A. Adequacy of Representation
 
 11
 This circuit holds that when the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance. Bush v. Viterna, 740 F.2d 350, 355 (5th Cir.1984). All parties to this appeal concede that the NCAA and the SWC have the same ultimate objective as SMU and Rice: to prevent disclosure of the documents. SMU and Rice do not allege collusion or nonfeasance. Instead, they argue that they have a stronger interest in the litigation and so are the appropriate parties to the suit. In addition, they argue that the existing parties have not voiced their concerns and that as members of the NCAA and the SWC they have defenses to disclosure that are unavailable to the existing defendants.
 
 
 12
 SMU and Rice argue that their interests differ from the interests of the NCAA and the SWC because the associations have as members both public universities which would be subject to TORA and private universities which would not be subject to TORA. SMU also contends that it should be allowed to intervene because the documents involved are about SMU. At most, these allegations establish that SMU and Rice may have a slightly greater interest in the litigation. They do not show any adversity of interest.
 
 
 13
 SMU and Rice contend that their interests are adverse to the NCAA and the SWC because the associations are the regulators while the universities are the regulated. SMU and Rice rely on cases such as Trbovich v. United Mine Workers, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972), and National Farm Lines v. ICC, 564 F.2d 381 (10th Cir.1977). These cases are not apposite. The adversity they discuss between federal regulatory agencies and the private regulated parties stems from conflicts between agency attempts to represent the regulated parties and statutory mandates to serve the "public interest." See Trbovich, 404 U.S. at 538-39, 92 S.Ct. at 636; National Farm Lines, 564 F.2d at 384. No such conflicts exist between the regulated universities and the voluntary regulatory associations in this case. SMU and Rice have demonstrated no adversity of interest that justifies allowing intervention.
 
 
 14
 SMU and Rice also maintain that they should be allowed to intervene because "no existing party has voiced [their] concerns" and because they "ha[ve] a defense not available to the present defendant[s]." Bush, 740 F.2d at 357. SMU and Rice argue that they should be allowed to assert their right to privacy, academic freedom, freedom of association, and privilege of self-critical analysis as defenses to disclosure. But the NCAA and the SWC expressed all of these concerns. In addition, the plaintiffs admit that under Texas law the NCAA and the SWC have standing to raise any defenses to disclosure their members could raise. Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 668, 678 (Tex.1976). The district court agreed and relied on this admission in denying SMU and Rice intervention and in holding that institutions whose records were sought were not parties to be joined under Federal Rule of Civil Procedure 19(a). See Kneeland v. NCAA, No. A-85-CA-616, slip op. at 15-17 (Aug. 18, 1986).
 
 
 15
 SMU and Rice refer to the district court's holding that the NCAA and the SWC have no affirmative defenses to disclosure. They contend this indicates that the existing defendants cannot adequately represent the interest of SMU and Rice. They argue that this holding means the NCAA and the SWC lacked standing to raise various defenses of SMU and Rice. This is not correct. Any purported inconsistencies between the district court's decision and Texas law may be appealed by the NCAA and the SWC. Such alleged errors of law do not give SMU and Rice a basis to intervene.
 
 
 16
 SMU also challenges the district court's refusal to hold an evidentiary hearing on its second motion to intervene. In support of its request for an evidentiary hearing, however, SMU relies on cases requiring an evidentiary hearing on motions to intervene in school desegregation cases. See, e.g., Adams v. Baldwin County Board of Education, 628 F.2d 895, 897 (5th Cir.1980). School desegregation cases are unique in requiring evidentiary hearings on motions to intervene, see id; Calhoun v. Cook, 487 F.2d 680, 684 (5th Cir.1973). They are distinguishable from the present case. If such precedents were applicable, an evidentiary hearing is not required in the present case because the record clearly demonstrates that SMU is not entitled to intervene. See United States v. Perry County Board of Education, 567 F.2d 277, 280 (5th Cir.1978).
 
 
 17
 The district court properly concluded that the NCAA and the SWC adequately represent SMU and Rice.
 
 B. Timeliness
 
 18
 Rule 24(a) requires that an application to intervene must be timely. The district court denied Rice's motion to intervene in part because the court concluded that the motion was untimely. The question of timeliness is largely within the discretion of the district court, and we will reverse the district court's determination only for abuse of discretion. Howse v. S/V "Canada Goose I," 641 F.2d 317, 320 (5th Cir.1981) (Unit B). The district court is to consider four factors in determining the timeliness of a motion to intervene: the length of time the party knew or should have known of its interest in the lawsuit, the prejudice to existing parties, prejudice to the intervening party if intervention is denied, and the presence of unusual circumstances. Lelsz v. Kavanagh, 710 F.2d 1040, 1043 (5th Cir.1983). In today's case, Rice's motion to intervene was filed almost four months after the lawsuit was removed from state court and only eight days before the end of discovery. Rice does not suggest that it lacked ample notice of its interest in the lawsuit; nor does Rice suggest any unusual circumstances mitigating its delay. The district court did not abuse its discretion in finding Rice's motion to be untimely.
 
 III. Permissive Intervention
 
 19
 Permissive intervention "is wholly discretionary with the [district] court ... even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied."[2] New Orleans Public Service, Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir.) (en banc) (quoting 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 1913, at 376-77 (2d ed. 1986)), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). In acting on a request for permissive intervention the district court may consider, among other factors, whether the intervenors' interests are adequately represented by other parties, id. at 472, and whether intervention will unduly delay the proceedings or prejudice existing parties, Fed.R.Civ.P. 24(b). Reversing a denial of permissive intervention requires a clear abuse of discretion. Bush v. Viterna, 740 F.2d 350, 359 (5th Cir.1984). This circuit has never reversed a denial of permissive intervention. Such a decision by any federal appellate court "is so unusual as to be almost unique." United Gas Pipe Line Co., 732 F.2d at 471.
 
 
 20
 The district court properly concluded that the NCAA and the SWC adequately represent the interests of SMU and Rice. In addition, it determined that according party status to SMU and Rice would delay the litigation and prejudice existing parties. The district court also held that Rice's motion was untimely. No clear abuse of discretion was shown. In the absence of a clear abuse of discretion, this court lacks jurisdiction over an appeal from a denial of permissive intervention, Woolen v. Surtran Taxicabs, Inc., 684 F.2d 324, 331 (5th Cir.1982). We accordingly dismiss this portion of the appeal.
 
 
 21
 The district court's order is affirmed insofar as it denied intervention of right. In all other respects the appeal is dismissed.
 
 
 22
 AFFIRMED IN PART; DISMISSED IN PART.
 
 
 
 [1]
 The Rule provides as follows:
 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [2]
 The Rule provides as follows:
 (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.