**UNITED STATES of America, Plaintiff,**

v.

**ESIC CAPITAL, INC., Defendant.**

**Civ. No. JH–85–4779.**

United States District Court,
D. Maryland.

Dec. 3, 1987.

G. Brian Busey, Steven S. Rosenthal, and Morrison & Foerster, Washington, D.C.; and Claire M. Schenk, for Claims and Inv. Co. Liquidation, U.S. Small Business Admin., Washington, D.C.

George A. Bauer, III, Sharon Mirsky, and Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for Vega Capital Corp.

Joel M. Savits, John May, Michael Canode and Jordan, Coyne, Savits & Lopata, Rockville, Md., for Kaufmann, Glosser & Greenburg, P.C. and Richard Kaufmann.

JOSEPH C. HOWARD, District Judge.

## MEMORANDUM AND ORDER

Electronic System Investment Corporation ("ESIC") was licensed as a small business investment company. However, by orders dated November 27, 1985 and January 8, 1986 this Court imposed a receivership on ESIC, appointing the Small Business Administration ("SBA") as receiver. The orders also provided that parties to any legal proceedings involving ESIC be stayed and enjoined from prosecuting the actions. (Paper # 4, para. 7 at 4–5 and Paper # 7, para. 7 at 5–6). Vega Capital Corp., also a small business investment company, now seeks to lift, or vacate, the stay. (Paper # 22). The receiver has opposed the motion. (Paper # 26). Vega has replied. (Paper # 28). Both parties submitted post-telephone conference call memoranda. (Papers # 56 and # 57).

■ In passing on a motion to vacate a receivership stay, a district court must consider four factors:

1) comparing the interests of the receiver and the moving party by

2) determining whether continuance of the stay will preserve the status quo, or whether the moving party will suffer substantial injury if not permitted to proceed;

3) examining the merit of the moving party's underlying claim;

4) assessing the time in the receivership's life at which the motion to lift the stay is made.

*See S.E.C. v. Universal Financial*, 760 F.2d 1034, 1038 (9th Cir.1985); *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir.1984); *Superior Motels v. Gould*, 622 F.2d 1363, 1373 (9th Cir.1980). The moving party bears the burden of proving that the receivership stay should be lifted.

Vega seeks approval to proceed in the following actions:

1. *Vega Capital Corp. v. The Baltimore Group, et al.,* N.Y. Supreme

Court, N.Y. County, Index No. 23094/84.

2. *Vega Capital Corp., et ano. v. W.K. R. Development Corp., et al.,* (consolidated) N.Y. Supreme Court, N.Y. County, Index No. 29979/82.

3. *Middle States Knowlton Corporation, et al. v. ESIC Capital, Inc., et al.,* (consolidated) United States District Court, District of Columbia, Civil Actions No. 82–1911, 1912, 1913, 1926 and 1941.

4. *In the Matter of the Arbitration between ESIC Capital, Inc. and Vega Capital Corp. and Warren Weinberger as Attorney for "The Baltimore Group"*, American Arbitration Association, New York, New York No. 13–199–0041–85.

With respect to the first concern—assessing the competing interests of the injury to the moving party versus preserving the status quo—Vega argues that, at prevailing interest rates, the stay is costing it over $10,000 per month for each month the stay is in effect. This is because, according to Vega, if permitted to proceed, it could potentially recover over $1,000,000 in the above-mentioned actions. Vega also asserts that, before the stay was imposed, it and ESIC were pressing their borrowers to honor their obligations. As a result of the stay, this pressure on the debtors has been removed. Based on these reasons, the Court believes that Vega has sustained injury by not being allowed to proceed due to the stay. However, that factor alone does not justify a lifting of the stay. In a competing vein, the Court believes that refusing to lift the stay here will preserve the status quo. The receiver buttresses this point by noting that the four actions in which Vega would like to proceed are complex and interrelated. Damage would no doubt occur to the status quo; the four actions form a significant segment of the at least 20 separate legal proceedings facing the receiver. As in *Universal Financial*, 760 F.2d 1034 (9th Cir.1985), a lifting of stay as to these selected actions would create, "... a multiplicity of actions in different forums, and would increase litigation costs for all parties while diminishing the size of the receivership estate." *Id.* at 1038. The Court finds it difficult to measure whether this factor favors the receiver and its interest in preserving the status quo or Vega's injury sustained by being unable to pursue its litigation. While this factor is in a state of equipoise, the remaining factors require a denial of Vega's motion.

A consideration of the merits of Vega's underlying claims hurts Vega's case. This is because Vega has failed to produce an adequate showing to this Court about the merits. For instance, all the Court knows about the arbitration action is that both Vega and ESIC were jointly bringing a $500,000 claim against a participating lender. The Court knows nothing about why the lender did not pay or whether an obligation even existed in the first place. Indeed, Vega failed to submit a single document about the matter.

In another action, presumably styled as *Vega Capital Corp. v. W.K.R. Development Corp.,* and presumably brought in the N.Y. Supreme Court, Vega states that it is seeking "to recover on a loan in a straightforward contract action." (Paper # 22 at 8). While the Court can only assume a contract exists, Vega does not assert why it is entitled to recover; the Court can only guess. In that action, Vega asserts no counterclaims have been brought against it. That no counterclaims are pending does not mean the action is a meritorious one.

In the reply memorandum (Paper # 28 at 5), Vega mentions the Baltimore Group action, which is apparently another case brought in the New York Supreme Court. Vega states that its claims withstood a motion to dismiss and attaches a copy of the opinion for the ostensible purpose of inviting the Court to read it while Vega does not bother to cull from the opinion why the claims have merit. That a cause of action survives a motion to dismiss does not mean it is meritorious.

The fourth action is entitled *Middle States Knowlton Corp. v. ESIC*, Consolidated Civil Action Nos. 82–1911, 82–1912,

82–1913, 82–1926 and 82–1941. Based on the record before it, the Court is clueless about the merits of Vega's case. All the Court can determine is that ESIC and Vega have been sued but they counterclaimed in the amount of $450,000 plus interest. In sum, Vega has not established, in this Court, that its pending claims are meritorious or, stated otherwise, that it has "a *colorable claim* that entitled them to a trial on the merits." *S.E.C. v. Wencke*, 742 F.2d 1230, 1232 (9th Cir.1984) (emphasis in original). As the Court reads this prong of the four-part test, the movant must do more than show it has actions pending and do more than simply indicate to the Court what type of action it is. There must be some discussion of the merits, and here, that discussion is absent.

The final prong—the timing of the motion to lift the stay relative to the age of the receivership—favors, at first glance, Vega. This is because Vega originally asserted, back on June 27, 1986, that seven months is enough time to put ESIC in order. Now, with the stay in existence for almost exactly two years, Vega's argument appears enhanced. It is not. The receivership has argued forcefully that it needs more time to sift and review ESIC matters and that a lifting of the stay would vitiate an orderly administration of ESIC, which counsel for the receivership has conscientiously attempted to do from the inauguration of the stay. Further, the Court believes this receivership is still relatively young. *See S.E.C. v. Wencke*, 742 F.2d 1230 (9th Cir.1984) (seven-year receivership); *S.E.C. v. Wencke*, 622 F.2d 1363 (9th Cir.1980) (four-year receivership). This time element of the four-prong test does not favor Vega. Lifting the stay now is premature.

In conclusion, this Court's application of the four-part Ninth Circuit test leads it to conclude that lifting of the stay at this time would interfere with the orderly administration of the receivership.

Accordingly, it is this 2d day of December, 1987, by the United States District Court for the District of Maryland, ORDERED:

1) that Vega's motion to vacate the stay of the proceedings BE, and the same hereby IS, DENIED; and

2) that copies of this Memorandum and Order be mailed to all counsel of record.