UNITED STATES of America, Plaintiff,

v.

ESIC CAPITAL, INC., Defendant.

Civ. No. JH–85–4779.

United States District Court,
D. Maryland.

Dec. 3, 1987.

G. Brian Busey, Steven S. Rosenthal, and Morrison & Foerster, Washington, D.C.; and Claire M. Schenk, for Claims and Inv. Co. Liquidation, U.S. Small Business Admin., Washington, D.C.

George A. Bauer, III, Sharon Mirsky, and Milberg, Weiss, Bershad, Specthrie & Lerach, New York City, for Vega Capital Corp.

Joel M. Savits, John May, Michael Canode and Jordan, Coyne, Savits & Lopata, Rockville, Md., for Kaufmann, Glosser & Greenburg, P.C. and Richard Kaufmann.

## MEMORANDUM AND ORDER

JOSEPH C. HOWARD, District Judge.

On January 8, 1986, this Court entered a permanent receivership order in this case (Paper # 7), and the Court appointed the Small Business Administration ("SBA") as the receiver for ESIC Capital, Inc. ("ESIC"). (Paper # 7, para. 1 at 2). Pending before the Court is a motion to vacate the stay ordered in these proceedings.

The movants to vacate the stay are attorney Richard Kaufmann, and the law firm of Kaufmann, Glosser and Greenberg, ("KG & G"). They filed this motion on May 2, 1986. (Paper # 20). The SBA has responded (Paper # 21), and movants have replied (Paper # 23). The motion is ready for disposition and no hearing is necessary. Local Rule 6(G).

The parties agree on the applicable test regarding whether to except applicants from a stay. That test has emerged from a trilogy of cases from the Ninth Circuit Court of Appeals. Those cases isolate four factors for consideration. They are:

1) a comparison of the interests of the receiver and the moving party;

2) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed;

3) the merit of the moving party's underlying claim; and

4) the time in the course of the receivership at which the motion for relief from the stay is made.

*See S.E.C. v. Universal Financial,* 760 F.2d 1034, 1037–39 (9th Cir.1985); *S.E.C. v. Wencke,* 742 F.2d 1230, 1231 (9th Cir.1984) *(Wencke II); S.E.C. v. Wencke,* 622 F.2d 1363, 1373 (9th Cir.1980) *(Wencke I).*

The movants seek to vacate the stay for one reason. They instituted an action against ESIC and others in the United States District Court for the District of Columbia, alleging three counts based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"). One of the defendants then filed a third-party complaint against the movants who now seek to challenge these allegations by way of a motion to dismiss. Apparently, the actual motion to dismiss was filed but, before a response and reply could be lodged, this Court interposed an order which effectively enjoined any litigation involving ESIC. But now movants want that stay lifted so that the D.C. Court can rule on the abovementioned motion to dismiss.

In considering the first two factors for lifting the stay, movants argue that the motion to dismiss is purely a legal question obviating the need for any discovery. Further, if this Court should lift the stay and the D.C. Court would grant movant's motion to dismiss, then no prejudice would accrue to the receiver for no monetary award would be entered against ESIC. Finally, movants argue that not lifting the stay would create a substantial hardship because the fact that this attorney and this law firm have litigation pending against them makes insurance coverage more difficult to obtain. And the third-party complaint "strikes to the very heart of the professional integrity" (Paper # 20 at 6) of the lawyer and the law firm.[1] Movants, continuing to argue in that vein, state:

For more than three years now they have had to bear the burden of this mer-

---

[1] The third-party complaint revolves around an opinion letter issued by Mr. Kaufmann which stated that certain loan documents were valid. The complainant believes it should be indemnified by the movants because of their reliance on the movants' opinion letter.

itless claim and have had to acknowledge its existence with every application for professional insurance or new bar membership. Such a burden carries economic, social and emotional consequences. As these allegations have a direct impact upon Mr. Kaufmann and KG & G's livelihood, they should be resolved at the earliest opportunity. (Paper # 20 at 6–7).

While the Court appreciates the difficulties encountered by the movants, it must deny the motion to vacate the stay. First, the receiver's interest in continuing the stay outweighs the injury to movants. Substantial tasks face the receiver, for ESIC is involved in a great deal of litigation. An orderly administration is necessary and to lift the stay in this matter would upset the status quo. By contrast, movants, shouldering the burden of proof on lifting the stay, have produced no evidence on the damage they have sustained as a result of the stay. Although each time movants apply for professional insurance or membership to a bar in the United States they must indicate the existence of the D.C. lawsuit, this does not mean their applications are denied or a higher premium is imposed. Based on the allegations before the Court, the hardship suffered to movants is the fact that they must acknowledge the existence of the D.C. litigation and nothing more. Further, the claim in D.C. was asserted against movant KG & G in April 1983 and against movant Kaufmann in June of 1984. Yet they waited until January of 1986 to file their motion to dismiss.

The Court must also assess the timing of this motion to lift the stay relative to the age of the receivership. The receivership began on November 27, 1985. Therefore, it has just reached its second birthday. Receiverships can get old. For instance, in *S.E.C. v. Universal Financial*, 760 F.2d 1034 (9th Cir.1985), the receivership was four years old when a motion to lift the stay in that was denied. With the passage of two years here, the Court does not suggest the receivership is still in its infancy. But, as receiverships go, this one is relatively youthful. And the receivership has demonstrated that additional time is needed to resolve the many outstanding, nettlesome issues in this matter.

Finally, the Court must address the merits of the movants' underlying claim—which is their motion to dismiss the indemnification action filed against them in the D.C. District Court by ESIC and the Vega Capital Corporation. Without benefit of a response or reply to the motion, the Court must admit that the unopposed motion does have some persuasive qualities to it. It is well-written and logical. Even so, there is authority for the proposition that if the movants' claim, while with merit, would create an unsettling situation for the receivership, then the motion to vacate can be denied. *S.E.C. v. Universal Financial*, 760 F.2d 1034, 1039 (9th Cir.1985). The Court believes the *Universal Financial* case is apposite to this one. At this stage of the proceedings, a lifting of the stay would throw the receivership into disorder after the receivers have already exerted substantial effort in organizing it.

Accordingly, it is this 2d day of December, 1987, by the United States District Court for the District of Maryland, ORDERED:

1) that movants' motion to vacate the stay of the proceedings BE, and the same hereby IS, DENIED; and

2) that copies of this Memorandum and Order be mailed to all counsel of record.