884 F.2d 185
 15 Fed.R.Serv.3d 152
 LEAGUE OF UNITED LATIN AMERICAN CITIZENS, COUNCIL # 4434, et
al., Plaintiffs-Appellees,
v.
William P. CLEMENTS, Governor of the State of Texas, et al.,
Defendants,
v.
MIDLAND COUNTY, TEXAS, etc., et al., Movants-Appellants.
 No. 89-1189.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 8, 1989.
 
 Mark H. Dettman, County Atty., Midland, Tex., for movants-appellants.
 Renea Hicks and Javier P. Guajardo, Asst. Attys. Gen., Austin, Tex., for State defendants.
 Rolando L. Rios, San Antonio, Tex., for LULAC, et al.
 William L. Garrett, Dallas, Tex., for Watson and Fuller.
 Susan Finkelstein, San Antonio, Tex., for Moreno.
 Appeals from the United States District Court for the Western District of Texas.
 Before GARZA, REAVLEY and POLITZ, Circuit Judges.
 REAVLEY, Circuit Judge:
 
 
 1
 In this voter rights case Midland County attempts to intervene as a defendant and is here seeking to appeal the district court's order denying its motion to intervene as a matter of right or on a permissive basis. We conclude that intervention was properly denied.
 
 I. Background
 
 2
 The underlying action in which Midland County (Midland) sought to intervene was brought on behalf of certain black and Mexican-American citizens of Texas, alleging that the at-large scheme for electing state district judges diluted minority voting strength in violation of the Voting Rights Act, 42 U.S.C. Sec. 1973 et seq., and the United States Constitution.
 
 
 3
 As a county targeted in the suit, Midland filed a timely motion to intervene as a matter of right and permissively, under Fed.R.Civ.P. 24(a)(2) and (b), for itself and on behalf of its district judges in their official capacity. The district court denied both intervention of right and permissive intervention. Midland appeals the district court order denying intervention.
 
 II. Analysis
 A. Intervention of Right
 
 4
 A moving party must meet each of the following requirements to intervene as a matter of right:
 
 
 5
 (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.
 
 
 6
 International Tank Terminals, Ltd. v. M/V Acadia Forest, 579 F.2d 964, 967 (5th Cir.1978).
 
 
 7
 Because the district court denied the motion on the grounds that Midland lacked sufficient interest in the litigation, the interest requirement will be our focus.
 
 
 8
 To prove the requisite interest, an intervenor must demonstrate a "direct, substantial and legally protectable" interest in the property or transaction that is the subject of the suit. New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 463 (5th Cir.), cert. denied, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984). A movant found to be a "real party in interest" generally establishes sufficient interest. Id. at 464; Fed.R.Civ.P. 17(a). Courts, however, have yet to adopt a uniform standard for determining who is a "real party in interest." 7C C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure Sec. 1908 (Supp.1989). The district court adopted a causation test, which we find useful here. Under that test, a "real party in interest" may be ascertained by determining whether that party caused the injury and, if so, whether it has the power to comply with a remedial order of the court.
 
 1. Interests of the County
 
 9
 Applying this standard, the district court found that Midland was not a "real party in interest" because it played no part in creating judicial districts--the action that has allegedly injured the plaintiffs. Rather, the power to re-shape judicial districts is vested in three legislative bodies: (1) the state legislature, Tex. Const. art. V, Secs. 7 & 7a; (2) the Judicial Districts Board, id. art. V, Sec. 7a; Tex. Gov't Code Ann. Secs. 24.941-24.961 (Vernon 1988); and (3) the Legislative Redistricting Board, Tex. Const. art. III, Sec. 28 & art. V, Sec. 7a(e); Tex. Gov't Code Ann. Sec. 24.946(a). Lacking the power to re-draw district lines, Midland couldn't have caused the injury, nor is it in any position to effect a remedy. The district court, therefore, found that Midland did not have sufficient interest to justify intervention.
 
 
 10
 Midland, however, argues that it has an interest in representing the citizens in its county. Midland points out that, under the present system, the district encompasses the whole county and its three district judges are elected through a county-wide vote. Midland claims that the plaintiffs seek to divide the present district in smaller units in violation of constitutional and statutory provisions that require a popular vote to reduce districts to a size smaller than the county. Tex. Const. art. V, Sec. 7a; Tex. Gov't Code Ann. Sec. 24.945(e). Midland argues that it has an interest in representing its citizens by objecting to the proposed reduction of the district size in violation of Texas law.
 
 
 11
 This argument, however, is without merit. Midland is without authority to protect its citizens in this manner. If the present district lines are found to violate the Voting Rights Act and/or the United States Constitution, Texas' constitutional and statutory provisions protecting district lines will be nullified under the Supremacy Clause. U.S. Const. art. VI, cl. 2; see Butterworth v. Dempsey, 229 F.Supp. 754, 764 (D.Conn.), aff'd sub nom. Franklin v. Butterworth, 378 U.S. 562, 84 S.Ct. 1913, 12 L.Ed.2d 1036; and aff'd sub nom. Pinney v. Butterworth, 378 U.S. 564, 84 S.Ct. 1918, 12 L.Ed.2d 1037 (1964) (state constitutional or statutory limitations cannot bar action to comply with federal constitutional requirements). Moreover, if there is no violation found, the provisions will stand regardless of the representation Midland offers. A "legally cognizable interest" cannot be crafted out of Midland's purported interest in representing its county citizens.
 
 
 12
 Midland also argues that it has an interest in the case because the outcome may affect other suits challenging county elections. We believe, however, that this threat of litigation is too tenuous to support intervention under Rule 24(a)(2). See Howse v. S/V "Canada Goose I", 641 F.2d 317, 321 (5th Cir.1981) (cross-claim interest in recovering damages "was insufficiently related to the main action to justify intervention as a matter of right under Rule 24(a)(2)"). Moreover, we do not believe that Midland's concerns about increased costs, voter confusion, venue problems, or the possible abolition of specialty courts amount to a "legally cognizable interest" justifying intervention.
 
 2. Interests of the Judges
 
 13
 Midland also seeks intervention as a matter of right on behalf of its three district judges in their official capacity. In support of its motion, Midland cites Williams v. State Board of Elections, 696 F.Supp. 1563 (N.D.Ill.1988), in which sitting elected judges were found to be necessary parties to a voting rights action challenging elections of supreme court, appellate court, and circuit court judges. In Williams, the plaintiffs sought to have all judgeships vacated or terminated prematurely and to enjoin an election for which candidates had already been nominated; the court held that both the candidates and the elected judges had sufficient interest to be necessary parties. Id. at 1570-72.
 
 
 14
 While the Williams court did not clarify whether that interest was based on their individual or official capacities, the distinction is important. In an individual capacity, elected judges arguably have personal interests in their office or equitable interests in the remedy fashioned by the court. Id. at 1572; see also Tarrant County v. Ashmore, 635 S.W.2d 417, 422 (Tex.), cert. denied, 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 606 (1982) ("[A]n officer's interest in his elected position, though not 'property' in the conventional sense, is a recognizable interest for purposes of procedural due process analysis."). Additionally, their absence from the trial may impair the "ability to protect their continued tenure." Williams, 696 F.Supp. at 1572.
 
 
 15
 The same arguments, however, do not hold true for judges intervening in their official capacities. A voting rights case challenges the election process rather than the individuals holding office. As government officials, they have no legally protectible interest in redistricting. Because it is a legislative action, judges play no part in creating or revising the election scheme and, therefore, fail to meet the "real party in interest" test.[1]
 
 
 16
 Since neither the county nor the judges in their official capacity can demonstrate the requisite interest in this suit, the order denying Midland's motion to intervene as a matter of right is affirmed.
 
 B. Permissive Intervention
 
 17
 District courts are given broad discretion in granting motions to intervene under Rule 24(b)(2).[2] Accordingly, we can not disturb the district court's denial of the motion for permissive intervention absent a showing of an abuse of discretion. See New Orleans, 732 F.2d at 470-71.
 
 
 18
 When acting on a request for permissive intervention, a district court should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues. Id. at 472 (citations omitted). When a proposed intervenor possesses the same ultimate objectives as an existing litigant, the intervenor's interests are presumed to be adequately represented absent a showing of adversity of interest, collusion, or nonfeasance. Kneeland v. National Collegiate Athletic Ass'n, 806 F.2d 1285, 1288 (5th Cir.) cert. denied, 484 U.S. 817, 108 S.Ct. 72, 98 L.Ed.2d 35 (1987); Bush v. Viterna, 740 F.2d 350, 355 (5th Cir.1984). While the presumption may be rebutted on a relatively minimal showing, Midland must "produce something more than speculation as to the purported inadequacy." Moosehead Sanitary Dist. v. S.G. Phillips Corp., 610 F.2d 49, 54 (1st Cir.1979). Considering the Texas Attorney General's presumed representation of common interests and Midland's failure to present evidence to rebut that presumption, the district court did not abuse its discretion in finding Midland's interests adequately represented. Additionally, it acted within its discretion in finding that Midland could not significantly contribute to the development of the factual issues.
 
 
 19
 Midland further claims the district court abused its discretion by dismissing Midland's intervention motion while granting those of several other parties--namely the Houston Lawyers Association and the Black Legislative Caucus, as well as several judges and former judges. However, the district court made it clear that any judge remaining in the suit as an intervenor could do so only in an individual rather than official capacity. Again, we find no abuse of discretion here.
 
 
 20
 Having found that the district court acted within its discretion in denying Midland's motion for permissive intervention, this portion of the appeal is dismissed for lack of jurisdiction. See Woolen v. Surtran Taxicabs, Inc., 684 F.2d 324, 330-31 (5th Cir.1982), cert. denied, 480 U.S. 931, 107 S.Ct. 1567, 94 L.Ed.2d 759 (1987).
 
 
 21
 The judgment of the district court denying intervention of right is AFFIRMED; in all other respects the appeal is DISMISSED.
 
 
 
 [1]
 State defendants-appellees filed a brief arguing that it is beyond Midland's authority to represent the interest of Texas district judges in their official capacities. Since we find that the judges have no legally cognizable interest in this suit, we do not reach the question of who has the authority to represent them
 
 
 [2]
 Rule 24(b)(2) provides for permissive intervention when (1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties