# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2011

Lyle W. Cayce
Clerk

No. 10-10387

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff - Appellee

RALPH S. JANVEY,

Appellee

v.

STANFORD INTERNATIONAL BANK, LTD.; ET AL,

Defendants

v.

STANFORD CONDOMINIUM OWNERS ASSOCIATION,

Movant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-298

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10387

In 2007, the Stanford Condominium Owners Association brought suit in Texas state court for faulty construction against the Stanford Development Corporation. Arbitration between the parties was stayed after the Securities and Exchange Commission sued Allen Stanford and all Stanford entities for an allegedly fraudulent scheme. The Condominium Association moved to intervene in the receivership litigation or, alternatively, to proceed with arbitration. The district court denied the motions. We AFFIRM.

The Stanford Development Corporation was the developer and general contractor of a condominium project in Houston, Texas called The Stanford. The Stanford Condominium Owners Association consists of approximately 40 owners of condominiums at The Stanford. The Condominium Association's lawsuit against the Development Corporation reached the Texas First Court of Appeals, which in January 2009 ruled that the parties should arbitrate their dispute.

In February 2009, the Securities and Exchange Commission filed suit against Allen Stanford and related entities based on an alleged Ponzi scheme. The district court appointed a Receiver, Ralph S. Janvey, to marshal, conserve, hold, manage, and preserve the value of the receivership estate. Additionally, the district court enjoined all judicial, administrative, or other proceedings against any Stanford entities. The Condominium Association's arbitration with the Development Corporation was subject to the stay.

In April 2009, the Condominium Association moved to intervene in the Stanford litigation or, alternatively, for a stay of the district court's order so it could proceed with the arbitration. The district court denied the motions in March 2010. The Condominium Association timely appealed.

We have jurisdiction under 28 U.S.C. § 1292(a)(1) to review a district court's order refusing to modify an injunction. "We review the district court's actions pursuant to the injunction it issued for an abuse of discretion." *Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008) (citation omitted). "In

2

No. 10-10387

performing that review, findings of fact that support the district court's decision are examined for clear error, whereas conclusions of law are reviewed *de novo*." *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 284-85 (5th Cir. 1999) (citation omitted).

District courts have broad equitable powers to preserve a receiver's ability to operate without interference. *See Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985); *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372 (5th Cir. 1982). When considering whether a stay of proceedings involving a receiver ought to be lifted, the Ninth Circuit has concluded that a district court should consider the following factors:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

*SEC v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984) (citation omitted). These factors are a useful set of considerations.

The district court applied these factors and determined that the first two favored leaving the stay in place. The court did not analyze the third factor. At this point in the proceedings, we find no clear error in the continuation of the stay. As the receivership continues, the weight of the possible merit of the Condominium Association's claims will also potentially grow. *SEC v. Universal Fin.*, 760 F.2d 1034, 1038-39 (9th Cir. 1985).

The Condominium Association also seeks our review of the district court's denial of its motions to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2) and for permissive intervention under Rule 24(b). The denial of a motion to intervene as a matter of right is a final order that we review pursuant to 28 U.S.C. § 1291. *Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). We have explained:

When determining the appealability of orders denying permissive intervention, however, this Circuit operates under an "anomalous rule," in that we have only provisional jurisdiction to determine whether the district court erroneously denied such motions. If the district court's denial of permissive intervention does not constitute an abuse of discretion, we must dismiss the appeal for lack of jurisdiction.

*Id.* (citations omitted).

We give *de novo* review to the denial of an intervention alleged to be of right; denial of permissive intervention receives review for a clear abuse of discretion. *Id.* at 995 (citations omitted).

In order to intervene as a matter of right pursuant to Rule 24(a)(2), a movant must meet the following requirements:

(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs*, 493 F.3d 570, 578 (5th Cir. 2007) (citations omitted). "Failure to satisfy any one requirement precludes intervention of right." *Id.* (citation omitted).

In order for an interest to meet the second requirement, it must be "a direct, substantial, legally protectable interest in the proceedings." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984) (en banc) (quotation marks and citation omitted). It must be a right "which the *substantive* law recognizes as belonging to or being owned by the" movant. *Id.* at 464. The Condominium Association's interest in the proceedings before the district court relate solely to the Development Corporation's ability to satisfy a judgment for claims that are not related to the case before the district court. Because the Condominium Association's interest does not relate to the property

No. 10-10387

or transactions subject to the receivership, there was no entitlement to intervene as a matter of right.

A court may allow permissive intervention if the movant can demonstrate that it "has a claim or defense that shares with the main action a common question of law or fact" and that it will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b). "Permissive intervention is wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quotation marks, alterations, ellipses, and citations omitted). Reversal of a denial of permissive intervention "is so unusual as to be almost unique." *Id.* at 1290 (quotation marks and citation omitted).

The district court found that allowing the Condominium Association to intervene would cause undue delay. The district court also found that the Receiver had already been unduly delayed by responding to the numerous motions filed by creditors and investors, without adding another layer of litigation on the issue of construction flaws. This determination is reasonable.

On appeal, the Condominium Association asserts there is insurance available for their claims that would prevent any interference with the Receivership. Issues regarding insurance were not properly presented to the district court. We do not consider matters not meaningfully presented to the district court. *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993).

AFFIRMED.