**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | No. 14-55246 |
| Plaintiff, | D.C. No. 2:11-cv-08607-R-DTB |
| v. | |
| CHARLES P. COPELAND, | MEMORANDUM[*] |
| Defendant, | |
| ———————————— | |
| COPELAND WEALTH MANAGEMENT, A Financial Advisory Corporation; COPELAND WEALTH MANAGEMENT, A Real Estate Corporation, | |
| Defendants - Appellees, | |
| and | |
| COPELAND PROPERTIES 18 L.P., | |
| Movant - Appellee, | |
| THOMAS C. HEBRANK, | |

———————————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Receiver - Appellee,

RICHARD M. KIPPERMAN, Liquidating Trustee,

Trustee - Appellee,

v.

TRI TOOL INC.,

Creditor - Appellant.

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Appellant Tri Tool, Inc. is a creditor of Charles Copeland and Copeland Properties Three ("CP3"). After the SEC filed a complaint against Copeland and his business entities for securities violations, the district court appointed a receiver ("Receiver") and imposed a stay on all creditor claims against receivership entities. Tri Tool appeals the district court's three orders: (1) denying Tri Tool's motion to modify the stay; (2) granting Receiver's motion to distribute assets and finding one of Tri Tool's Uniform Fraudulent Transfer Act ("UFTA") claims time-barred; and

2

(3) denying Tri Tool's second UFTA claim on the merits.  We have jurisdiction under 28 U.S.C. § 1291.[1]  We affirm.

1. The district court did not deny Tri Tool due process by summarily deciding Tri Tool's claims.  Tri Tool submitted extensive briefing and evidentiary materials related to its claims.  Thus, Tri Tool had notice and opportunity to be heard.  *S.E.C. v. Am. Capital Invs., Inc.*, 98 F.3d 1133, 1146 (9th Cir. 1996) ("For the claims of nonparties to property claimed by receivers, summary proceedings satisfy due process so long as there is adequate notice and opportunity to be heard."), *abrogated on other grounds by Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998); *see also S.E.C. v. Wencke*, 783 F.2d 829, 836–38 (9th Cir. 1986).

2. The district court did not abuse its discretion in denying Tri Tool's motion to modify the stay because at least two of the three *Wencke* factors favored denial of the motion.  *S.E.C. v. Wencke*, 742 F.2d 1230, 1231 (9th Cir. 1984).  The district court correctly found there was no risk of substantial injury to Tri Tool

---

[1] Tri Tool's failure to mention the district court's order denying the motion to modify the stay in its Notice of Appeal does not make the Notice of Appeal defective.  Appellees had notice of Tri Tool's intent to appeal the issue and Appellees were not prejudiced by the mistake.  *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986).  In addition, Tri Tool's Notice of Appeal is timely because it was filed within 60 days of the final judgment in this case.  Fed. R. App. P. 4(a)(1)(B).

because Tri Tool, like all other creditors, could obtain relief through the proof of claims process. Moreover, the merits of Tri Tool's claims were dubious.

3. The UFTA's four-year statute of limitations began on February 28, 2007, when CP3 transferred the Pacific Western Bank loan proceeds to Copeland Properties Eighteen. *See* Cal. Civ. Code §§ 3439.06(c), 3439.09. Thus, the district court did not err in concluding that Tri Tool's April 4, 2011 Second Amended Complaint was time-barred as to the Pacific Western Bank loan transfer claim. In addition, it was not clear error for the district court to find that Tri Tool reasonably should have discovered the fraudulent transfers within the statute of limitations period.

In its reply brief, Tri Tool makes the argument that the UFTA is cumulative to preexisting remedies, including a remedy that allows creditors to await judgment on the underlying action. *See Cortez v. Vogt*, 52 Cal. App. 4th 917, 920 (1997). But because this argument was not raised before the district court or in Tri Tool's opening brief, the argument is waived. *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).

Tri Tool's alternative tolling arguments are not persuasive.

4. Tri Tool presents no argument as to why the district court erred in concluding that Tri Tool's second UFTA claim failed on the merits. Thus, the

issue has been waived. *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**AFFIRMED**.