**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

U.S. SECURITIES & EXCHANGE
COMMISSION,

        Plaintiff-Appellee,

 v.

DEAN PROPERTIES, LLC,

        Respondent-Appellant,

 and

DAVID B. KAPLAN; et al.,

        Defendants,

_____

MATTHEW B. KAPLAN,

        Intervenor.

No.   19-17045

D.C. No.
3:16-cv-00270-MMD-CBC

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted September 15, 2020
San Francisco, California

Before: WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

    \*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this civil enforcement action initiated in federal court in Nevada by the Securities and Exchange Commission ("SEC") against David Kaplan for alleged violations of federal securities law, the district court ordered a freeze on assets owned by David and his wife, Lisa. Shortly after his assets were frozen, David consented to the entry of a judgment against him for over $4 million in a separate lawsuit in Virginia brought by Dean Properties, LLC, which alleged it was a victim of the same fraudulent activity that was the basis of the SEC's claims against the Kaplans. Dean Properties then obtained a lien based on the consent judgment and attempted to execute the lien on a property in Nevada owned by Lisa. The district court in this case issued an order enjoining Dean Properties from executing the lien on the Nevada property and, further, from executing on any of the Kaplans' properties. Dean Properties appealed that order. We affirm.

1. The district court did not abuse its discretion in enjoining Dean Properties from executing on the Nevada property or on the Kaplans' other properties. *See SEC v. Wencke*, 622 F.2d 1363, 1372 (9th Cir. 1980) (stating standard of review). A district court overseeing an SEC enforcement action has "broad equitable powers . . . to shape equitable remedies to the necessities of [the] particular case[]." *Id.* at 1371. In particular, a court may stay non-party litigation against the defendant in an SEC enforcement action while the defendant's assets are being "marshalled and preserved against further misappropriation and dissipation," and

2

the defendant's "financial affairs . . . need[] to be clarified for the benefit of innocent [victims]." *Id.* at 1372; *see also SEC v. Universal Fin.*, 760 F.2d 1034, 1038-39 (9th Cir. 1985) (affirming, in an SEC enforcement action, a stay of non-party litigation against the defendants' assets to "preserve[] the status quo" and to prevent competing claims from causing "havoc"). The district court here determined that enjoining Dean Properties from pursuing the Kaplans' assets was necessary to "preserve assets for disgorgement and civil penalties" and to prevent "injured investors [from] rac[ing] to the courthouse and enter[ing] side deals" with the Kaplans. That determination was supported by the record. The injunction was therefore not an abuse of discretion.

We clarify, however, that although the district court's order did not specify the duration of the injunction, the injunction is not permanent. A stay of non-party litigation must be lifted once the purposes of the stay have been accomplished. *See SEC v. Wencke*, 742 F.2d 1230, 1232 (9th Cir. 1984) (holding that non-parties could proceed with their claims against the defendants' assets by the time those assets had been "disentangled" and were ready for distribution). Accordingly, the district court should lift the injunction once it determines that the SEC has made sufficient efforts to secure disgorgement and civil penalties from the Kaplans.

2. The district court did not deny Dean Properties due process in ordering

3

the injunction.[1]  Dean Properties contends it was not given "notice and an opportunity to be heard" before the district court entered the injunction.  To the contrary, Dean Properties was able to submit briefing and participate in a hearing when the SEC moved to stay Dean Properties' attempt to execute on the lien against the Nevada Property and later to enjoin Dean Properties from pursuing any of the Kaplans' properties.  *See United States v. Alisal Water Corp.*, 431 F.3d 643, 657-58 (9th Cir. 2005).

3.  Nor did the district court's injunction effect a taking of Dean Properties' property without just compensation in violation of the Takings Clause of the Fifth Amendment.  To the extent claims of judicial takings are cognizable, Dean Properties has not made one out here.  *See Vandevere v. Lloyd*, 644 F.3d 957, 963 n.4 (9th Cir. 2011) (noting that a plurality of Justices wrote in *Stop the Beach Renourishment, Inc. v. Florida Department of Environmental Protection*, 560 U.S. 702 (2010) (plurality opinion), that a court "can 'take' private property").  We made clear in *Wencke* that a district court's equitable power to stay litigation against the defendant in an SEC enforcement action supersedes any property right a non-party has to enforce a state court judgment against the defendant for the

---

[1] Contrary to the SEC's contention, Dean Properties did not lack standing to assert its constitutional challenges to the district court's decision.  Dean Properties articulated a cognizable injury by asserting that it had a lien but was being prohibited from enforcing it.

4

duration of the stay. *See* 622 F.2d at 1368-72. Thus, the district court "did not contravene . . . established property rights" in temporarily staying Dean Properties' efforts to enforce its judgment against the Kaplans. *Stop the Beach Renourishment*, 560 U.S. at 733 (plurality opinion).

4. Finally, the district court did not err in denying Dean Properties' "Countermotion for Declaratory Relief." "A request for declaratory relief is properly before the court when it is pleaded in a complaint for declaratory judgment." *Arizona v. City of Tucson*, 761 F.3d 1005, 1010 (9th Cir. 2014); *see* 28 U.S.C. § 2201. But requests, like Dean Properties', that are "raised . . . by motion" are procedurally defective and cannot be considered. *Arizona*, 761 F.3d at 1010.

**AFFIRMED.**