United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 04-40287
Summary Calendar

————————————————

LUANNE MOORE,

                                        Plaintiff-Appellant,

versus

EXXON MOBIL OIL CORPORATION, a New Jersey Corporation,
f/k/a MOBIL OIL CORPORATION,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas, Beaumont Division
USDC No. 1:00-CV-839
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:*

     Plaintiff Luanne Moore appeals the denial of her Motion for

Relief from Judgment which granted Defendant Exxon Mobil

Corporation's Motion for Summary Judgment in her employment

action against the defendant.  We Affirm.

                              I.

     A summary review of the procedural history of this case

demonstrates the basis for our judgment in this case.  On

September 30, 2002, the district court granted Exxon Mobil's

---

     * Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Motion for Summary Judgment and dismissed Moore's gender discrimination suit with prejudice. The district court concluded that Moore had not come forward with sufficient evidence that the explanation offered by Exxon Mobil for her termination (well documented poor job performance) was a pretext for gender discrimination. Her claim of sexual harassment was dismissed for failure to exhaust administrative remedies. The district court also concluded that the conduct alleged in Moore's complaint did not rise to the level necessary to support Moore's claim of intentional infliction of emotional distress. After her petition for rehearing was denied, Moore appealed. This court summarily affirmed the judgment of the district court on May 16, 2003, on the basis of the district court's opinion. After her petition for rehearing was denied by this court, Moore filed a writ of certiorari with the United Supreme Court. On November 3, 2003, the Supreme Court denied Moore's writ application.

Meanwhile, Moore was also pursuing allegations of judicial misconduct against Judge Heartfield, the district court judge who presided over her case, and his son, an attorney not associated with this case. In August 2003, Moore filed a Complaint of Misconduct against Judge Heartfield with this court. Moore's complaint questioned whether Judge Heartfield had a financial interest in Exxon Mobil and complained that Judge Heartfield's son had represented Exxon Mobil in another case. In October

2003, Moore's judicial misconduct complaint was dismissed for lack of evidence of any actual conflict and because the complaint related directly to the merits of the judge's decision. At Moore's request, the dismissal was reviewed by an Appellate Review Panel of the Judicial Council of this circuit and affirmed in December 2003. During this same time period, Moore pursued a complaint against Judge Heartfield with the State Bar of Texas. That grievance was also dismissed.

In October 2003, Moore filed a Motion for Relief from Judgment with the district court. The basis for the motion was Moore's allegation that Judge Heartfield may have had a conflict of interest when he ruled against her. On January 27, 2004, the district court denied Moore's Petition for Relief from Judgment and granted Defendant's Motion for Summary Judgment. Moore challenges that order in this appeal.

After the district court's ruling on Moore's Motion for Relief from Judgment, Exxon Mobil sought sanctions under Federal Rule of Civil Procedure 11 and requested reimbursement of attorneys' fees and costs expended in defending the baseless motion. The district court adopted the Report and Recommendation of the Magistrate Judge and granted Exxon Mobil's Motion for Sanctions in part, ordering that plaintiff and her counsel are prohibited from filing any additional papers in this proceeding. Exxon Mobil's request for fees and costs was denied.

Moore, now acting pro se, filed this appeal which again raises allegations of misconduct against Judge Heartfield as affecting his disposition of her case.

## II.

As demonstrated by the repeated dismissals of Moore's claims in both her substantive case and her complaint of judicial misconduct against Judge Heartfield, Moore's Rule 60(b) motion, which rests on the same foundation, is without factual basis or legal support. The district court's dismissal of Moore's underlying case was affirmed by this court after *de novo* review. Also, Moore's claims of judicial misconduct are totally without merit. They have been dismissed after independent review by an Appellate Review Panel of the Judicial Council of this circuit and by the State Bar of Texas. The Oil, Gas & Mineral Lease between members of the Heartfield family and Union Pacific Resources Company, a company wholly unrelated to any of the parties, (which Moore submits as "new evidence" to support her assertions) does nothing to change the analysis.

Based on the above and our review of the remainder of the record, we easily conclude that this appeal is frivolous. The Magistrate's Report and Recommendation recognized that "[c]ounsel and Plaintiff have made a mockery of [their ethical] obligations by putting forth the wholly unfounded allegations on file in this civil action and in the judicial misconduct proceedings initiated

against Judge Heartfield." As an alternative to monetary sanctions, the district court ordered "that Plaintiff and her counsel are precluded from filing any additional papers in this proceeding." As Moore persisted in pursuing this matter in the face of this assessment of her case, we are persuaded that monetary sanctions in the amount of $5,453.10 representing Exxon Mobil's attorney fees to defend this frivolous appeal are warranted as authorized by Rule 38 of the Federal Rules of Appellate Procedure.

## IV.

Accordingly, we AFFIRM the judgment of the district court, GRANT Moore's Motion to Supplement the Record on Appeal, GRANT Exxon Mobil's Motion for Damages and Costs and award Exxon Mobil damages against Moore in the amount of $5,453.10.

AFFIRMED.