NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1574

MOTIONLESS KEYBOARD COMPANY,

Plaintiff,

and

THOMAS L. GAMBARO,

Movant-Appellant,

v.

MICROSOFT CORPORATION,

Defendant-Appellee,

and

NOKIA INC.,

Defendant-Appellee,

and

SAITEK INDUSTRIES LTD.,

Defendant-Appellee.

_____

DECIDED: June 8, 2006

_____


Before MICHEL, Chief Judge, PLAGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

PER CURIAM.

Plaintiff Motionless Keyboard Company ("MKC") filed a patent infringement suit against Microsoft Corporation, Nokia Inc., and Saitek Industries, Ltd. (collectively, "Defendants") in the United States District Court for the District of Oregon. The district court granted Defendants' motions for summary judgment of non-infringement and invalidity and entered final judgment in their favor on May 9, 2005. Thereafter, on June 2, 2005, Thomas L. Gambaro, the inventor of the two patents-in-suit and the controlling shareholder of MKC, filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24. The district court denied the motion on August 4, 2005. Gambaro appeals from the order denying his motion to intervene. We affirm.

We consider Gambaro's motion to intervene to be, in substance, a motion to substitute himself as counsel for MKC. It is apparent from his various filings that he seeks to represent MKC in post-judgment proceedings, including the appeal from the trial court's final judgment on the merits. (That appeal is pending in this court as Appeal No. 05-1497 and has been stayed pending the outcome of this appeal.) For example, Gambaro asserted in his motion before the trial court that he should be permitted "Pro Se to continue to represent the Plaintiff." Similarly, in the informal brief he filed in this appeal, Gambaro "requests to be allowed to intervene on appeal because counsel has withdrawn." App. Br. at 3.

It is well-established that a corporation may appear in federal court only if represented by licensed counsel. See 28 U.S.C. § 1654; Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-02 (1993). We recognize Gambaro's motion to intervene as an attempted end run around section 1654. The Ninth Circuit, whose law governs this

05-1574                                    2

appeal,[1] has dealt with a similar attempt. See United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993). When Gambaro filed his motion to intervene, he claimed that counsel for MKC intended to withdraw, though that did not occur until six months later. To allow Gambaro as the controlling shareholder of MKC to intervene rather than hire replacement counsel for the corporation "would eviscerate section 1654." Id. Like the Ninth Circuit, "[w]e decline to read Rule 24 as condoning such a result." Id. Under these circumstances, the trial court did not err in denying Gambaro's motion to intervene.

Eleven days after the trial court entered final judgment, MKC purportedly transferred rights in the asserted patents to Gambaro. To the extent that transfer is valid, Gambaro may have an interest allowing him to bring an infringement action in his own name, but he may not participate in the case filed by MKC as plaintiff.

On May 15, 2006, Mr. Gambaro filed three motions in this appeal. These motions are denied because, like other motions previously denied in this case, they relate only to the merits of the underlying patent case, which is not the subject of the present appeal. In addition, James L. Buchal, who formerly represented MKC before the trial court, has filed certain confidential materials in this appeal. These materials also relate to the merits and therefore are not accepted for filing.

CONCLUSION

The judgment of the trial court is affirmed. The specified motions are denied.

---

[1] This matter is not unique to patent law and is therefore governed by the law of the appropriate regional circuit, in this case the Ninth Circuit. Ericsson, Inc. v. Interdigital Commc'ns Corp., 418 F.3d 1217, 1220-21 (Fed. Cir. 2005).