# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41060
No. 14-40192

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2014

Lyle W. Cayce
Clerk

M2 TECHNOLOGY, INCORPORATED,

Plaintiff−Appellee,

versus

M2 SOFTWARE, INCORPORATED, a Delaware Corporation,

Defendant,

DAVID ESCAMILLA,

Movant-Appellant.

Appeals from the United States District Court
for the Eastern District of Texas
No. 4:12-CV-458

Before SMITH, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David Escamilla and M2 Software, Inc. ("M2 Software"), of which he is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41060
No. 14-40192

the sole shareholder, appeal the denial of Escamilla's motion to intervene, a default judgment for M2 Technology, Inc. ("M2 Technology"), and a fee award for M2 Technology in a declaratory-judgment suit brought by M2 Technology concerning the M2 trademark. We affirm.

I.

These appeals are part of a series of cases between and among Escamilla, M2 Software, and M2 Technology. Escamilla and M2 Software provide information-technology management services. For many years, they have used the M2 mark in connection with their business, and in 1995, M2 Software registered the mark with the U.S. Patent and Trademark Office ("PTO"). M2 Technology, which is not affiliated with Escamilla or M2 Software, distributes information-technology equipment.

In 2010, Escamilla became aware that M2 Technology had filed two applications containing the M2 mark with the PTO. Escamilla opposed those applications, and M2 Technology withdrew them but continued to use the M2 mark in connection with its business.

In 2011, Escamilla sued M2 Technology, alleging trademark infringement and several other claims ("the first case"). The listed plaintiff was initially M2 Intellectual Property Assets ("M2 IPA"). The court notified Escamilla that, as a non-natural person, M2 IPA could not appear *pro se*. Escamilla responded that M2 IPA was merely his "doing business as" designation, and the court allowed him to appear *pro se* on the condition that he amend his filings to reflect the "doing business as" designation.

M2 Technology then moved to dismiss for failure to join a necessary party, M2 Software, which owned and had registered the M2 mark. The court ordered Escamilla to join M2 Software. Escamilla, concerned about the

2

No. 13-41060
No. 14-40192

expense of hiring counsel to represent M2 Software, refused to join M2 Software for four months following the order, so the court dismissed the case without prejudice. Escamilla appealed, and we affirmed.

In July 2012, M2 Technology sued M2 Software for a declaratory judgment ("the second case"). M2 Technology did not name Escamilla as a defendant. In September 2012, a few days before the deadline to file an answer, Escamilla filed a motion to intervene and a motion to dismiss, but M2 Software did not appear before the deadline. In October 2012, Escamilla again sued M2 Technology ("the third case"), raising the same claims as in the first case. He alleges that he assigned the rights to the M2 mark from M2 Software to himself immediately following the dismissal of the first case, thereby gaining standing to sue again.[1]

In July 2013, the magistrate judge ("MJ") entered his report and recommendation in the second case. In August 2013, M2 Software, now represented by counsel, finally appeared. In its notice of appearance of counsel, M2 Software objected to being named as a party, purported to incorporate by reference Escamilla's earlier filings, and asked the court to dismiss for failure to state a claim and failure to join Escamilla as a necessary party.

Later that month, the court ruled on several issues in the second case. First, it denied Escamilla's motion to intervene, adopting the MJ's findings and conclusions, which reasoned that Escamilla could not satisfy the requirements for intervention as of right because M2 Software adequately represented his interests in the M2 mark. The MJ recommended against permissive intervention because Escamilla could have protected his rights in the first suit by

---

[1] M2 Technology claims that Escamilla fraudulently created and back-dated the assignment after M2 Technology had filed the second case, which he thought would enable him to participate in that case without hiring counsel and to argue that M2 Software was an improper party.

No. 13-41060
No. 14-40192

obtaining counsel for M2 Software and because M2 Software adequately represented his interests in the M2 mark. Having denied his motion to intervene, the court declined to consider Escamilla's other arguments.

Second, the court granted M2 Technology's request for a declaratory judgment against M2 Software based on M2 Software's default. The court noted that M2 Software had failed to file any answer or motion to dismiss, and it found that the notice of appearance of counsel, which was filed almost a year after service, did not constitute a defensive pleading. The court therefore issued a declaratory judgment that M2 Technology's use of the M2 mark does not violate M2 Software's rights under the Lanham Act or several other statutes. Third, the court awarded M2 Technology attorneys' fees and costs related to the second case but declined to award attorneys' fees and costs for the other cases. It based the award on "the exceptional nature of M2 Software's conduct."

Escamilla and M2 Software appealed. Case No. 13-41060 is Escamilla's appeal. Escamilla argues that the court erred in denying his motion to intervene, that the court should have dismissed for lack of subject-matter jurisdiction, and that Local Rule CV-3, concerning page limits, is unconstitutional as a violation of his due-process rights. Case No. 14-40192 is M2 Software's appeal. M2 Software purports to incorporate by reference the contentions that Escamilla raises in his appeal, and it also urges that the court should have dismissed for lack of personal jurisdiction because of improper service, that the court erred in entering a default judgment, and that the fee award was an abuse of discretion.

II.

We begin with Escamilla's appeal. We review *de novo* denials of intervention as of right. *Sierra Club v. Espy*, 18 F.3d 1202, 1204 (5th Cir. 1994). A

No. 13-41060
No. 14-40192

party seeking to intervene as of right must meet four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.* at 1204–05. The "inquiry . . . is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention as of right must be measured by a practical rather than technical yardstick." *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975).

First and foremost, allowing Escamilla to intervene on this basis would effectively nullify the well-established rule that in federal court, corporations must be represented by counsel, *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201−02 (1993), and other courts, in similar situations, have declined to allow Rule 24 to be used to circumvent that principle.[2] Even under a direct application of Rule 24, under the particular and specific facts of this case M2 Software adequately represents Escamilla's interests, so Escamilla cannot satisfy the fourth requirement.

---

[2] *See United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (observing that a company's president and sole shareholder, who sought to intervene, "was singularly to blame" for the company's failure to retain counsel); *see also Motionless Keyboard Co. v. Microsoft Corp.*, 184 F. App'x 967, 968–69 (Fed. Cir. 2006) (per curiam); *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568–69 (2d Cir. 2000); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22–23 (2d Cir. 1983) ("In light of these policy reasons for preventing a lay person from representing a corporation in litigation, the federal courts have, in cases governed by federal law, disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual." *Id.* at 23.). Moreover, it is evident from the record that Escamilla's sole reason for pursuing the assignment and motion to intervene was so that M2 Software could protect its trademark rights in federal court without retaining counsel.

No. 13-41060
No. 14-40192

Where "the party seeking to intervene has the same ultimate objective as a party to the suit, the existing party is presumed to adequately represent the party seeking to intervene unless that party demonstrates adversity of interest, collusion, or nonfeasance." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987). Escamilla has the same ultimate objective as M2 Software: He is its sole shareholder and has exclusive control over it, and M2 Software's purpose is to deliver a profit to Escamilla. Nor can he show "adversity of interest, collusion, or nonfeasance." *Id.* Again, he completely controls M2 Software, so any "adversity of interest, collusion, or nonfeasance," *id.*, is of his own creation. His notion that M2 Software has reduced incentives to defend against M2 Technology's suit, because it cannot afford to hire counsel, runs squarely afoul of the decisions cited above holding that such theories cannot be used to circumvent the requirement-of-counsel rule. Accordingly, the denial of intervention as of right was correct.

Even if intervention as of right is not available, a district court, in its discretion, may allow a party to intervene if it "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1). We review denials of permissive intervention for "clear abuse of discretion" and will reverse only in "extraordinary circumstances."[3]

There was no clear abuse of discretion. In light of Escamilla's refusal to join M2 Software and other conduct in the first case, the court reasonably found that his involvement here would delay resolution of the matter. Thus, the denial of permissive intervention was proper.[4]

---

[3] *Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir. 2003) (quoting *Edwards v. City of Hous.*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc)).

[4] The denial of Escamilla's motion to intervene means that he is not a party to this case, so we need not consider his other arguments. *See Lentino v. Cage (In re Lentino)*,

No. 13-41060
No. 14-40192

III.

We now turn to M2 Software's appeal.[5]  We begin with its claim that the district court should have dismissed for want of subject-matter jurisdiction.[6] M2 Software alleges that it is a non-exclusive licensee, not the owner, of the M2 mark, and, as such, would lack standing to sue M2 Technology in a coercive action for trademark infringement.  Because of this lack of standing, M2 Software explains, there is no "actual controversy," as required by the Declaratory Judgment Act, so there is no federal-question jurisdiction.  This reasoning is erroneous.

In declaratory-judgment cases, we determine federal-question jurisdiction from the face of the well-pleaded complaint in the coercive action the declaratory-judgment defendant could have brought.  *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 329 (5th Cir. 2008).  In its declaratory-judgment complaint, M2 Technology alleged that M2 Software owned the M2 mark and could have brought a coercive action for trademark infringement. M2 Software's claim that it does not own the M2 mark is insufficient to defeat jurisdiction.  Instead, that contention merely shows that, had M2 Technology failed to prove M2 Software's ownership, and had the Lanham Act not provided standing for a non-exclusive licensee (a question we need not decide today), M2 Technology would have lost on the merits, not for lack of jurisdiction.[7]

---

No. 98-20626, 1999 WL 77140, at *1 n.1 (5th Cir. Mar. 5, 1999).

[5] M2 Software designates certain issues as "threshold" and claims that we must address them first, but it offers no explanation as to why.  Accordingly, we decline to proceed in M2 Software's suggested order.

[6] M2 Software frequently describes this issue as one of standing, but its argument appears to concern subject-matter jurisdiction.  It challenges only its own standing to bring a coercive action, not M2 Technology's standing to bring this declaratory-judgment suit.

[7] *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners

7

No. 13-41060
No. 14-40192

Consequently, the federal courts have subject-matter jurisdiction over this case.

The next issue is the default judgment. We review default judgments for abuse of discretion. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987). Several aspects of M2 Software's conduct combined to make a default judgment appropriate in this particular case. Escamilla moved to intervene before the deadline but was well aware, from the proceedings in the first case, that M2 Software had to respond through counsel. M2 Software filed nothing until almost a year after the deadline, following the MJ's report and recommendation. Even then, M2 Software did not file any motion to dismiss, answer, or motion for leave to file out of time, but only a notice of appearance of counsel that purported to incorporate by reference Escamilla's earlier filings. Given M2 Software's lack of explanation for its nonparticipation in the case, the default judgment was not an abuse of discretion.

Three of M2 Software's remaining arguments are easily addressed. It lacks standing to challenge the constitutionality of Local Rule CV-3 because its challenge concerns parties proceeding *pro se*, which M2 Software is not and cannot. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (requiring injury in fact).[8] M2 Software waived the defenses of res judicata and insufficient service of process by failing to raise them in a motion or responsive pleading. *See* FED. R. CIV. P. 8(c)(1), 12(h)(1).

The only remaining issue is the fee award. Under the Lanham Act, a court may award "reasonable" fees to the prevailing party in "exceptional

---

could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.").

[8] We do not address the propriety of M2 Software's attempt to incorporate by reference this argument from Escamilla's briefs, because M2 Software cannot raise it in any event.

8

No. 13-41060
No. 14-40192

cases." 15 U.S.C. § 1117(a)(3).  We review fee awards for abuse of discretion and findings as to whether a case is exceptional for clear error.  *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 528 (5th Cir. 2002).

The fee award can withstand that limited review.  Escamilla's repeated attempts to litigate on behalf of M2 Software without counsel, despite the MJ's instructions to the contrary, provide a plausible basis for determining that this case is exceptional.  There was no clear error.

M2 Software claims that the fee award was unreasonable because it included the cost of defending against Escamilla's intervention.  But it identifies no caselaw indicating that this type of fee award is unreasonable.  None of the cases it does cite concerns the Lanham Act, and none involves situations like the one at issue here—a proposed intervenor whose interests are completely aligned with those of the defendant.  Thus, it was not an abuse of discretion for the court to include the cost of defending against Escamilla's intervention.

M2 Software also claims that the fee award was excessive because of overstaffing and overbilling by M2 Technology's counsel.  Despite those general allegations, the only specific explanation that M2 Software offers is its own calculation based on "a generous approximation of a half-hour of attorney time per page" of the pleadings for the default judgment.  Even assuming that estimate is correct, the analysis disregards time spent on other aspects of the case and other costs.  Without more, there is no basis for finding that the fee award was an abuse of discretion.

AFFIRMED.

9