**David ESCAMILLA, Plaintiff-Appellant**

v.

**M2 TECHNOLOGY, INCORPORATED, Defendant-Appellee**

**M2 Technology, Incorporated, Plaintiff-Appellee**

v.

**M2 Software, Incorporated, a Delaware Corporation, Defendant-Appellant**

**No. 15-41461**
**cons w/ 16-40483**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Date Filed: 11/11/2016

Richard Carroll King, Jr., King Law Group, P.L.L.C., Dripping Springs, TX, for Plaintiff-Appellant.

John T. Gabrielides, Barnes & Thornburg, L.L.P., Chicago, IL, John F. Bufe, Potter Minton, P.C., Tyler, TX, for Defendant-Appellee.

Before JONES, WIENER and CLEMENT, Circuit Judges.

PER CURIAM: [*]

The Report and Recommendation of United States Magistrate Judge Bush both ably and thoroughly explains the procedural background of this case, the plethora of motions, and the parties' many appeals, this being their third time before this court. In this long series of lawsuits, Appellants David Escamilla and M2 Software, Inc. have lost every step of the way and have fully exhausted their appellate remedies in the first two cases. Therefore, finding no reversible error of law or fact in this case, we affirm.

This appeal presents two primary issues: (1) whether the district court correctly held that the second case has res judicata effect against the third case, and (2) whether the district court abused its discretion in denying M2 Software's motion to set aside.

1. The final judgment against M2 Software [1] determining that there was no "likelihood of confusion," and therefore no infringement, was rendered by a court of proper jurisdiction. Therefore it has preclusive effect in the subsequent case brought by Escamilla who wholly-owns and controls M2 Software and where M2 Software adequately represents Escamilla's interests. The claims in the two cases match perfectly: the only difference is that M2 Technology sought and received a judgment of non-infringement in the second case, whereas Escamilla now, in the third case, seeks a judgment of infringement. The Magistrate Judge stayed the third case pending final disposition of the second case on account of the potential preclusive effects, and as a result put all parties on notice. Escamilla, in privity with M2 Software, had a full and fair opportunity to vindicate his rights under the trademark in the second case. Having lost that case where appeal rights were exhausted, he is now bound by that decision's preclusive effect.

2. M2 Software presents no new arguments in its motion to set aside that have not already been considered and rejected by this court. Further, the district court correctly interpreted *B&B Hardware, Inc. v. Hargis Indus., Inc.,* —— U.S. ——, 135 S.Ct. 1293, 191 L.Ed.2d 222 (2015) not to constitute intervening case law, as the present case is a default judgment against M2 Software and the substantive issues were never reached, while *B&B Hardware* decided substantive issues. As a result, the district court did not abuse its discretion by dismissing the motion.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]. *M2 Tech., Inc. v. M2 Software, Inc.,* 589 Fed.Appx. 671, 677 (5th Cir. 2014), *cert. denied sub nom. Escamilla v. M2 Tech., Inc.,* —— U.S. ——, 135 S.Ct. 1895, 191 L.Ed.2d 763 (2015), *reh'g denied,* —— U.S. ——, 135 S.Ct. 2854, 192 L.Ed.2d 890 (2015) (affirming the final judgment).