# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40476

United States Court of Appeals
Fifth Circuit

**FILED**
August 31, 2018

Lyle W. Cayce
Clerk

M2 TECHNOLOGY, INCORPORATED,

> Plaintiff - Appellee

v.

M2 SOFTWARE, INCORPORATED

> Defendant

KING LAW GROUP, P.L.L.C.; RICHARD C. KING, JR.; MARY ELLEN KING,

> Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-458

Before WIENER, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Richard C. King, Jr., Mary Ellen King, and the King Law Group, PLLC, appeal an imposition of sanctions under Rule 11(b)(2) in the amount of $39,325.63.  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40476

I.

This appeal is part of a series of three cases between M2 Technology, Inc. ("M2 Technology") and David Escamilla and his company, M2 Software, Inc. ("M2 Software").  M2 Technology sued M2 Software, seeking a declaratory judgment that M2 Software infringed the "M2" mark.  M2 Software did not appear before the deadline to file an answer.  As a result of M2 Software's default, the district court entered a declaratory judgment for M2 Technology.  The district court also awarded M2 Technology fees and costs.  M2 Software appealed, and we affirmed.  *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 673 (5th Cir. 2014) (per curiam).

M2 Software moved to set aside the default judgment under Rule 60(b).  M2 Technology filed a motion in opposition as well as a motion for sanctions under Federal Rule of Civil Procedure 11.  The district court denied M2 Software's motion. We affirmed.  *Escamilla v. M2 Tech., Inc.*, 657 F. App'x 318, 319 (5th Cir. 2016) (per curiam).

In the same order, the district court granted M2 Technology's motion for sanctions under Rule 11(b)(2), concluding that "M2 Software's motion to set aside the default judgment lack[ed] merit."  The district court ordered M2 Software's counsel to pay M2 Technology $39,325.63.

M2 Software's counsel appealed, arguing that the district court abused its discretion by imposing Rule 11(b)(2) sanctions after counsel presented plausible legal grounds for its Rule 60(b) motion.  In the alternative, appellants argue that the district court abused its discretion when it:  (1) failed to assess what fees would have been incurred "but for" the alleged sanctionable conduct; (2) erred by using M2 Technology's counsel's Chicago-based rate to calculate the lodestar; and, (3) failed to provide an individualized analysis describing exactly which conduct of Ms. King was being sanctioned.

No. 17-40476

We begin with the imposition of Rule 11 sanctions, which we review for abuse of discretion. *See Snow Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 527 (5th Cir. 2016) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). Sanctions are appropriate if counsel submits a "legally indefensible" filing. *Id.* at 528 (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003) (en banc)). A filing is legally indefensible if it is not "warranted by existing law or by a nonfrivolous argument." *Id.* (citing FED. R. CIV. P. 11(b)(2)). The trial court should "judge an attorney's compliance with rule 11 by an objective standard of reasonableness under the circumstances." *Smith v. Our Lady of the Lake Hosp., Inc.*, 960 F.2d 439, 444 (5th Cir. 1992) (citing *Thomas v. Capital Sec. Servs.*, 836 F.2d 866, 873 (5th Cir. 1988) (en banc)).

M2 Software presented multiple interrelated issues in its Rule 60(b) motion:  (1) the district court lacked personal jurisdiction after insufficient service of process; (2) M2 Software's failure to appear was because of a good faith belief that it had no obligation to appear; (3) the district court lacked subject-matter jurisdiction because Escamilla was the actual owner of the federal trademark; (4) the district court's local rules are unconstitutional; (5) M2 Technology made a fraudulent misrepresentation to the Clerk that M2 Software had been served; (6) M2 Technology's claims were barred by res judicata based on final decisions by the United States Patent and Trademark Office; and (7) the U.S. Supreme Court's intervening decision in *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293 (2015), gave preclusive effect to an earlier final judgment of the Trademark Trial and Appeal Board ("TTAB").

First, when counsel re-litigates its previous losses under the guise of Rule 60(b), that counsel presents arguments that are not warranted by existing law or by nonfrivolous arguments. *See, e.g.*, *Moore v. Exxon Mobil Oil Corp.*,

No. 17-40476

108 F. App'x 177, 178–79 (5th Cir. 2004) (per curiam) (affirming Rule 11 sanctions for a Rule 60 motion that "rest[ed] on the same foundation" as claims that district court and this Court previously had rejected).  If an issue has been decided on appeal, it "may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006) (quoting *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir. 1998)).  *See also DeWeerth v. Baldinger*, 38 F.3d 1266, 1270 (2d Cir. 1994) (holding that "a district court does not have jurisdiction to alter an appellate ruling where the appellate court has already considered and rejected the basis for the movant's Rule 60(b) motion") (describing *Eutectic Corp. v. Metco, Inc.*, 597 F.2d 32 (2d Cir. 1979) (per curiam)).  After M2 Software appealed the district court's denial of its Rule 60(b) motion, we found that "M2 Software present[ed] no new arguments in its motion to set aside that have not already been considered and rejected by this court." *Escamilla*, 657 F. App'x at 319.  The issues concerning personal jurisdiction, good faith delay, subject matter jurisdiction, unconstitutional local rules, insufficient service of process, and res judicata were addressed in this Court's decision affirming the default judgment. *M2 Tech.*, 589 F. App'x at 676–77.

Second, M2 Software's invocation of the Supreme Court's *B&B Hardware* decision is also legally indefensible.  We have previously found that "the district court correctly interpreted *B&B Hardware* . . . not to constitute intervening case law, as the present case is a default judgment against M2 Software and the substantive issues were never reached, while *B&B Hardware* decided substantive issues." *Escamilla*, 657 F. App'x at 319.  The judgment against M2 Software was based on a procedural matter rather than a substantive one, and *B&B Hardware* is therefore irrelevant.

Because appellants' Rule 60(b) arguments were previously addressed by the district court as well as this court, and because *B&B Hardware* does not

No. 17-40476

act as an intervening case, we conclude that the district court did not abuse its discretion by imposing sanctions under Rule 11(b)(2).

II.

We now turn to the district court's calculation of the Rule 11 sanctions. District courts have considerable discretion to determine the appropriate sanction for litigants who violate Rule 11. *See Worrell v. Houston Can! Academy*, 287 F. App'x 320, 326 (5th Cir. 2008) (per curiam) (citing *Thomas*, 836 F.2d at 876–77). We review the district court's calculation of attorney's fees and expenses for clear error. *See Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 566 (5th Cir. 2006). We conclude there is none here.

First, appellants contend that the district court was required to find a causal connection between the sanctionable conduct and the awarded attorney's fees, arguing that such a connection is required by *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017). In *Goodyear*, the Supreme Court held that the party seeking sanctions "may recover 'only the portion of his fees that he would not have paid *but for*' the misconduct." *Id.* at 1187 (emphasis added) (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011)). The district court concluded that the entire Rule 60(b) motion was meritless. Therefore, the district court did not abuse its discretion when it limited the fee award to those incurred for preparing the Rule 11 motion, reply in support of the Rule 11 motion, and the opposition to M2 Software's Rule 60(b) motion.

Second, appellants argue that the district court used the wrong lodestar rate. The district court explained that it previously used the Chicago-based rate to calculate reasonable attorney's fees granting a default judgment against M2 Software. On appeal of the default judgment, M2 Software asserted that the rate may not be more than the prevailing local lodestar rate. *See* Appellants' Br. at 29–30, *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671 (5th Cir. 2014), (Nos. 13-41060, 14-40192), 2014 WL 7642904 at *30. We

affirmed the district court's award of attorney's fees, concluding that "there [was] no basis for finding that the fee award was an abuse of discretion." *M2 Tech.*, 589 F. App'x at 677.  Therefore, the district court did not commit clear error in using the Chicago-based rate.

Finally, appellants claim that the district court failed to conduct an "individualized analysis" for Mary Ellen King's sanctions.  M2 Software failed to raise this issue in the district court, and the argument is thus not preserved for this Court's review.  *See Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010) ("The general rule of this court is that arguments not raised before the district court are waived and will not be considered on appeal.") (citing *AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 700 (5th Cir. 2009)).

Accordingly, the judgment of the district court is AFFIRMED.